Filed 12/21/22  P. v. Santana CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080845 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF139207) |
| SERAFIN SANTANA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, Walter H. Kubelun, Judge.  Affirmed.

Serafin Santana, in pro. per.; and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury convicted Serafin Santana of attempted mayhem (Pen. Code,[1] §§ 203 & 664) and assault with a firearm (§ 245, subd. (a)(2)) and found true allegations of intentional use of a firearm causing great bodily injury (§ 12022.53, subd. (d)) and personal use of a firearm (§ 12022.5,

---

[1]     All further statutory references are to the Penal Code.

subd. (a)).  The jury also found true an allegation that Santana personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

The court sentenced Santana to an indeterminate term of 29 years four months to life in prison.

Santana appealed and this court affirmed the judgment in an unpublished opinion.  (*People v. Santana* (Sept. 11, 2013, D059013).)[2]

In 2022, Santana filed a petition for resentencing under section 1172.6.  The superior court summarily denied the petition because Santana had not been convicted of any crimes that qualify for relief under the statute.

Santana filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Santana the opportunity to file his own brief on appeal.  He has responded with a lengthy document challenging his original conviction.  He contends the superior court did not have jurisdiction to conduct the trial.  Santana does not address the undisputed fact he has not been convicted of any offense that is eligible for relief under section 1172.6.  He has not raised any arguable issues for reversal on appeal.

## DISCUSSION[3]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this

---

2    We grant defense counsel's request to take judicial notice of our records in case No. D059013.

appeal:  Whether the trial court erred by denying the petition for resentencing under section 1172.6.

We have reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Santana on this appeal.

DISPOSITION

The order denying Santana's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.

---

3    The facts of the offenses are addressed in our prior opinion.  We will not repeat them here.